UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT M. EKONEN,

        Plaintiff,

vs.

Case No. 08-CV-13272
HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (# 17),
DENYING PLAINTIFF'S MOTION FOR REMAND (#8),
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (# 14),
AND DISMISSING PLAINTIFF'S CLAIM

This matter is before the court on plaintiff's motion to remand pursuant to sentence four and defendant's motion for summary judgment as to plaintiff Scott Ekonen's claim for judicial review of defendant Commissioner of Social Security's denial of his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits. Ekonen's claim, filed on May 26, 2005, indicates a disabling condition beginning on October 22, 2004, mainly as a result of cardiac problems associated with atrial fibrillation and coronary artery disease. A hearing was held before ALJ Dennis R. Greene on September 24, 2007. Judge Greene issued an unfavorable decision on November 6, 2007, finding that plaintiff was not disabled as he could return to his prior work as a loan officer. The Appeals Council denied the Request for Review on June 24, 2008.

The matter was referred to Magistrate Charles Binder, who issued a twenty-four-

page Report and Recommendation on April 13, 2009, recommending that plaintiff's motion for remand be denied, defendant Commissioner's motion for summary judgment be granted, and that plaintiff's claim be dismissed. The magistrate judge concluded that the decision of the ALJ was supported by substantial evidence supporting the conclusion that plaintiff was able to return to his past relevant work as a loan officer and retained the RFC to perform sedentary work. Ekonen filed timely objections on April 23, 2009.[1]

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. See 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. Id. The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).

Ekonen objects that there is a fundamental error in failing to formulate an RFC that is consistent with an ALJ's own finding that the claimant has "severe" non-exertional impairments of depression and obesity. Because these two impairments "significantly" limit a person's physical and mental ability to do basic work activities, 20 C.F.R. 404.1520(c), plaintiff argues there should be some type of restriction reflecting the significant limitation

---

[1] The Court was informed by counsel that Scott Ekonen passed away on June 2, 2009. Plaintiff's counsel intends to file a motion for substitution after obtaining the death certificate.

that accompanies these two "severe" impairments in the RFC.  Plaintiff argues that it is inconsistent for the ALJ to find that obesity and depression are "severe" non-exertional impairments, yet to treat them as non-severe in an RFC that provided for the capacity to perform the full range of sedentary work.

The magistrate judge considered and rejected the arguments made by plaintiff in his objections.  As for depression, the magistrate judge pointed out that while the impairment was found to be "severe", it was rated "mild" in all three areas, i.e., activities of daily living, social functioning, and concentration.  The ALJ may properly consider several impairments in combination under 20 C.F.R. 416.920(5)(c), so a finding that a mental impairment only mildly limits daily activities, social functioning, concentration, persistence and pace is not inconsistent with a finding that plaintiff suffers from a combination of impairments that are severe.  (Report and Recommendation, p. 20).  The magistrate judge additionally noted that a Psychiatric Review Technique conducted in October 2005 supports the conclusion that plaintiff's mental impairments were not severe.  In addition, the record does not document that plaintiff has ever been treated by a mental health professional.

The ALJ found that plaintiff's depression rendered him incapable of performing highly stressful work, but did not include this provision in plaintiff's RFC.  Plaintiff bears the burden of proving that he is unable to perform his past relevant work, and he has not identified any credible evidence in the record supporting his characterization of his past loan officer work as highly stressful.

The magistrate judge also considered plaintiff's argument that the ALJ did not "factor in" any type of restriction related to the finding of a "severe" impairment of obesity.  The ALJ found plaintiff limited to light- or sedentary-level work.  There is no evidence in the record

3

that plaintiff's obesity provided any further limitations to his ability to work.

Upon de novo review, plaintiff's objections are OVERRULED.  Accordingly,

The court hereby adopts the April 13, 2009 Report and Recommendation consistent with the analysis herein.  Plaintiff Ekonen's motion for remand pursuant to sentence four is hereby DENIED.  Defendant Commissioner of Social Security's motion for summary judgment is hereby GRANTED.  Ekonen's claim is hereby DISMISSED with prejudice.

SO ORDERED.

Dated:  August 17, 2009

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 17, 2009, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---